**UNITED STATES, Appellee,**

v.

**Private E-1 Kenneth R. TROUBLE-FIELD, SSN 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, United States Army, Appellant.**

**CM 443384.**

U.S. Army Court of Military Review.

20 Dec. 1983.

Colonel R. Rex Brookshire II, JAGC, Captain Bernard P. Ingold, JAGC, and Captain Guy J. Ferrante, JAGC, were on the pleadings for appellant.

Colonel James Kucera, JAGC, Lieutenant Colonel John T. Edwards, JAGC, Major Thomas M. Curtis, JAGC, and Captain Garreth E. Shaw, JAGC, were on the pleadings for appellee.

Before HANSEN, McKAY and WATKINS, Appellate Military Judges.

## OPINION OF THE COURT

McKAY, Senior Judge:

Convicted on his pleas of guilty to the offenses of robbery, conspiracy to commit robbery and absence without leave, the appellant was sentenced to forfeit all pay and allowances, confinement at hard labor for 18 months and a bad-conduct discharge. The convening authority approved the sentence as it did not exceed the terms of a

pretrial agreement. The appellant now claims that the convening authority was bound by the terms of a predecessor, and more favorable, pretrial agreement;[1] that the staff judge advocate was disqualified from preparing the post-trial review; that a record of Article 15 nonjudicial punishment was improperly admitted over objection; and that the military judge erred by refusing to allow his co-actor in the robbery offenses to testify as to his court-martial sentence.

The appellant absented himself without authority on 23 October 1981 and remained absent until 7 August 1982. On 23 October 1981, and without knowledge of the absence, Brigadier General Smith, acting as convening authority in the absence of the commander, signed a previously submitted offer by the appellant to plead guilty at his pending general court-martial for the two robbery offenses. There was no specific provision in the agreement signed by General Smith providing for withdrawal by the parties and the appellant claims now, as he did unsuccessfully at his trial, that it remains valid and that he is entitled to its benefits.[2] We disagree.

■ By voluntarily absenting himself before his trial, Troublefield materially changed the situation with respect to his pending trial and thereby voided the first agreement. At least his action gave the convening authority an option to void it. The appellant's misconduct after submission of the first agreement created a situation that resulted in the legally proper preferral of an additional charge requiring investigation and referral in addition to the re-referral of the original charges to a different court-martial. The addition of a new charge also changed the equation with respect to any sentence to be adjudged or approved. In addition we find no evidence that the appellant in any way relied upon the first agreement to his detriment. We cannot conceive of a situation that would

provide a convening authority with more of a right to withdraw and void an existing pretrial agreement. We consider Major General Fiala's acceptance of the second pretrial agreement after proper re-referral of the original charges, along with the added absence without leave charge, as his clear manifestation of withdrawal from the first agreement.

Additionally, while the facts are not fully developed in the record, we note that in absenting himself for approximately 10 months the appellant apparently made it impossible for him to comply with a material promise he made in the original agreement, that is "to testify truthfully, if necessary" at the trial of his co-conspirator and partner in the robbery offenses, Private Cobb. From Cobb's testimony at the appellant's trial it appears that his own trial took place during the appellant's absence. Obviously any such breach of the agreement by the appellant would also justify avoidance of the first agreement by the convening authority.

Accordingly, we hold that proper reasons existed for the convening authority to void the first agreement by his withdrawal, see *United States v. Jacques,* 5 M.J. 598 (N.C.M. R.1978), and that the military judge correctly so ruled after inquiry into the matter. *See United States v. Lanzer,* 3 M.J. 60 (C.M.A.1977).

■ We find no merit to the appellant's argument that the staff judge advocate was disqualified from preparing the post-trial review because he testified at the trial. A staff judge advocate is disqualified from preparing the post-trial review after testifying at the trial when he "is put in the position of weighing his testimony against or in the light of other evidence which conflicts with or modifies his own." *United States v. Choice,* 23 U.S.C.M.A. 329, 49 C.M.R. 663 (1975). Here the staff judge advocate testified as to the intention of the

---

1. The first pretrial agreement provided for approval of a maximum of eight months confinement, a bad-conduct discharge, total forfeitures and reduction to Private E–1.

2. The appellant advises that he submitted the second pretrial agreement only after the convening authority indicated he did not consider the first agreement binding.

convening authority to void the first pre-trial agreement. That point was never in conflict. The issue to be decided was the effectiveness of the convening authority's action to void the agreement. Accordingly, we hold that the staff judge advocate was not disqualified to prepare the review of the appellant's trial.

We have also considered the remaining two assignments of error and find them to be without merit.

The findings of guilty and the sentence are affirmed.

Chief Judge HANSEN and Judge WATKINS concur.